FRED PILLOW v. MRS. ROSA McLEAN.

No. 7089.   Decided June 1, 1938.
(117 S. W., 2d Series, 57.)

*W. H. Russell,* of Hereford, for plaintiff in error.

The statute of limitation has no application to the defensive matter pleaded, and the suit, being one for rescission of contract, plaintiff must place the defendant in statu quo, or offer to do so, before being entitled to such rescission. Brantley v. Thomas, 22 Texas 271; Whittley v. Howerton, 18 S. W. (2d) 687.

*Cowsert & Cowsert*, of Dimmitt, for defendant in error.

In a trespass to try title suit, a cross action by the defendant alleging the breach of a written contract for the sale of land and seeking to recover damages for such breach is not defensive matter, but is a cross action for affirmative relief and is subject to the four years statute of limitation. Nelson v. San Antonio Traction Co., 107 Texas 180, 175 S. W. 434; 38 Tex. Jur. 373.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

By a petition dated January 5, 1934, defendant in error, Mrs. Rosa McLean, instituted this suit in the District Court of Castro County against plaintiff in error, Fred Pillow. The petition was in the statutory form of trespass to try title and was to recover the title and possession of 320 acres of land in Castro County. Mrs. McLean will be referred to as plaintiff and Pillow will be designated defendant.

To the foregoing petition defendant filed answer, consisting of a general demurrer, a general denial, and a plea of not guilty. He then filed a cross action against plaintiff. In this cross action he pleaded that on January 14, 1929, he and plaintiff entered into a written contract for the purchase and sale of the 320 acres of land, and the contract was attached to his petition in cross action. This contract is set out in the opinion of the Court of Civil Appeals reported in 91 S. W. (2d) 898, and need not be copied here. The material portion of said contract is the promise on the part of plaintiff to make application to the Federal Land Bank of Houston, Texas, for a loan to be applied on the purchase money, provided defendant did certain things. In his cross action plaintiff alleged that he had performed his part of the contract and had made the improvements agreed to be made and in doing all of said things had incurred an expense of $4068.80. His cross action contained the following allegation:

"This defendant will specially show that notwithstanding the plaintiff agreed to make application and obtain a loan, as herein pleaded, and in said contract stipulated, she has wholly breached her part of said contract and agreement and has made no application and has obtained no loan as she agreed to do."

He then alleged that it would be inequitable and unjust for plaintiff to be allowed to recover the title and possession of the land without paying him the amounts he had expended in improving the land. His prayer was as follows:

"WHEREFORE, this defendant prays that in the event the plaintiff recovers as she has prayed for the title and possession of said land sued for, then and in that event he have his judgment against her for the sums of money he has paid out as above stipulated, together with judgment for the value of the improvements he has placed on said land, and interest thereon as provided by law, and all costs of suit, and for all relief, special and general, in law and in equity he may be entitled to."

Plaintiff answered this cross action, setting up several exceptions to same, including the following:

"Plaintiff specially excepts to all that part of defendant's cross action filed herein, wherein he alleges the breach of contract and seeks damages for such breach, because it appears from the face of defendant's pleading, that defendant's right of action under said contract accrued more than four years before the filing of said cross action or the filing of this suit and that the same is barred by the statutes of limitation, and of this she prays judgment of the Court."

She also filed answer to the merits of said cross action.

Thereupon defendant filed his first supplemental answer, and among other things alleged that while plaintiff's suit was in the form of trespass to try title, nevertheless it was in fact only a suit to rescind the written contract of January 14, 1929. He further alleged that although plaintiff had breached the contract by failing to make application to the Federal Land Bank for the loan, nevertheless neither party repudiated the contract, but both parties merely acquiesced in the situation until about January 1, 1934, when plaintiff for the first time wholly repudiated the contract and demanded possession of the land. He alleged that his cause of action in fact arose at that time and was not barred by limitation. He pleaded for relief as in his original cross action and further pleaded that the contract be in all things cancelled and held for naught.

The trial court sustained plaintiff's general demurrer and special exception to the cross action on the ground that defendant's cause of action therein asserted was barred by the statute or limitations of four years. Defendant refused to amend and the court dismissed the cross action.

Plaintiff's suit of trespass to try title was then tried upon its merits, and the judgment recites that defendant in open court admitted that plaintiff had title and was entitled to possession of the land. Thereupon judgment was entered in favor of plaintiff for the land. No appeal was prosecuted from that part of the judgment. Defendant appealed only from the action of the court in sustaining demurrers to the cross action because of the bar of limitation. The Court of Civil Appeals affirmed the judgment of the trial court.

In this Court the sole ground urged by defendant why the trial court erred in sustaining the plea of limitation is that in reality plaintiff's suit was nothing more or less than a suit for rescission of the contract of January 14, 1929, and that she should not be accorded that relief without being required to do equity and refund to defendant the moneys expended by him in improving the land. We are wholly unable to see how plaintiff's pleadings can possibly be construed as seeking merely a rescission of the contract. Her original petition was in form of trespass to try title. She alleged that defendant was a trespasser. The contract was not mentioned, and the pleading impliedly contained allegations that none existed. There was therefore under the implications of the petition no necessity for rescission. In his cross action defendant specially pleaded that plaintiff had breached the contract, and his petition really amounted to an attempt to plead a cause of action for damages for such breach. In addition, in his supplemental petition he again specifically alleged that on or about January 1, 1934, before the filing of the original petition, plaintiff had wholly repudiated the contract. This clearly negatives the idea that she would still have been seeking a rescission. Besides, defendant's admission that plaintiff had title to the land and was entitled to possession shows that there was no necessity on her part to sue for rescission. Standing alone, plaintiff's pleadings contained no allegation which would constitute the action one for rescission, and we do not think a mere allegation in the supplemental pleading filed by defendant could change it into such an action.

There is no assignment of error to the effect that the action was not barred if treated as one for damages for breach of contract. As above stated, the only reason assigned by defendant to avoid the bar of limitation is his contention that plaintiff's suit was an equitable action for rescission. As it was not such, and there being no contention that the court erred in sustaining the plea of limitation on other grounds, it must be held that the judgment of the trial court was correct.

For the reasons stated herein, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 1, 1938.